IN THE UNITED STATES DISTRICT COURT
NORTHERN DISRTICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18 CR 682 |
| Plaintiff | ) | HON. DAN A. POLSTER |
| -vs- | ) | |
| TAMIKO PARKER, | ) | **MOTION TO WITHDRAW GUILTY PLEA** |
| Defendant | ) | (oral hearing requested) |

Now comes the Defendant, by and through the undersigned counsel, and pursuant to Crim. R. 32(d) and moves to withdraw her plea of guilty entered herein on August 5, 2019.

As grounds herefor, the defendant submits there exist fair and just reasons for permitting her to withdraw her plea prior to sentencing. As will be further demonstrated and set forth at a hearing hereof, the defendant submits that the following factors, and others caused her to improvidently enter her guilty plea:

1) She was engaged in what she believed was a dysfunctional attorney-client relationship with her previous counsel which led her to believe that she had no alternative but to plea.

2) On the day of her plea she was experiencing dizziness and high blood pressure which lowered her ability to think clearly.

3) That she believed that she may have had defenses to the charges which were not being pursued due to her relationship with counsel.

In *United States v. Bashara*, 27 Fed. 3d 1174 (6th Cir. 1994) the Court of Appeals set forth factors to be considered in determining whether to permit withdrawal of a guilty plea. These include:

(1) the amount of time that elapsed between the plea and the motion to withdraw it;
(2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
(3) whether the defendant has asserted or maintained his innocence;
(4) the circumstances underlying the entry of the guilty plea;
(5) the defendant's nature and background;
(6) the degree to which the defendant has had prior experience with the criminal justice system; and
(7) potential prejudice to the government if the motion to withdraw is granted.

*Bashara, at 1181.*

Ms. Parker submits that she entered her plea under duress and out of frustration in that she did not have confidence in her counsel who she had asked to withdraw from her case prior to entry of the guilty plea.  As will be demonstrated at a hearing hereof, she contacted here counsel very shortly after the entry of the plea asking that he move to file a Motion to withdraw as counsel and to withdraw her guilty plea.

WHEREFORE, based upon the foregoing the Defendant respectfully requests that this matter be set for hearing on this Motion to provide her with the opportunity to further develop grounds for withdrawal of her guilty plea herein.

        Respectfully submitted,

        */s/ Robert A. Dixon*
        **ROBERT A. DIXON (#0022466)**
        4403 St. Clair Avenue
        Cleveland, Ohio 44113
        Telephone: (216) 432-1992
        Facsimile: (216) 881-3928
        E-mail: dixonlaws@aol.com.

        Attorney for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that on September 23, 2019, a true and correct copy of the foregoing Motion has been filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                */s/ Robert A. Dixon*
                                                **ROBERT A. DIXON**
                                                Attorney for Defendant