IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR682 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | UNITED STATES' RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| TAMIKO PARKER, | ) | MOTION TO WITHDRAW GUILTY |
| | ) | PLEA |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Brian McDonough, Assistant United States Attorney, and respectfully requests this Honorable Court deny defendant Tamiko Parker's motion to withdraw her guilty plea because the Court fully complied with Rule 11 and Parker knowingly, voluntarily, and intelligently entered her guilty plea.

**I.        BACKGROUND**

On November 14, 2018, an indictment was filed in the Northern District of Ohio, charging the defendant, Tamiko Parker, with Theft Concerning Programs Receiving Federal funds, in violation of 18 U.S.C. §§ 666 (a)(1)(A).

On August 5, 2019, Parker entered a guilty to the indictment pursuant to a written plea agreement. During the plea colloquy this Court confirmed that Parker read and understood the plea agreement before signing and initialing it; that she had read and reviewed the plea agreement with her attorney; that she understood her limited rights to appeal or collaterally attack her sentence; that she would not have the right to withdraw her guilty plea once accepted;

that her guilty plea was made knowingly and voluntarily; and that she wished to plead guilty. This Court then accepted the guilty plea.

The Court granted a motion to withdraw by Parker's counsel, Carlos Warner. The Court then appointed new counsel, Robert Dixon, for Parker. Currently before this Court is Parker's motion to withdraw her guilty plea, filed on September 23, 2019.

## II. LAW AND ARGUMENT

Rule 11(d), Federal Rules of Criminal Procedure, provides that a district court may permit a guilty plea to be withdrawn before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Rule 11(d)(2)(B). *See generally United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007). However, "[a] defendant does not have an absolute right to withdraw a guilty plea and has the burden of proving that he is entitled to withdraw it." *Unites States v. Young*, 310 F. App'x. 784, 791 (6th Cir. 2009). The burden rests on the defendant to demonstrate that a "fair and just reason" exists for withdrawal of his guilty plea. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The factors the district court may consider in evaluating whether the defendant has met his burden include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded by statute on other grounds as recognized by United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). *See also Bazzi*, 94 F.3d at 1027; *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998). The foregoing factors represent "a general, non-exclusive list," with no one factor being

"controlling." *Bazzi*, 94 F.3d at 1027. Although potential prejudice to the government is a factor which may be considered, the "government is not required to establish prejudice . . . unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987).

As the Sixth Circuit has explained, "the aim of [Rule 11(d)] is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea . . . and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (*quoting United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984)). Since the factors present in Parker's case do not weigh in favor of withdrawal, the government respectfully requests that this Honorable Court deny her motion.

### 1. Length of time between plea and withdrawal.

Parker entered her guilty plea on August 5, 2019, and filed her motion to withdraw on September 23, 2019, 49 days later. A delay of this length favors the denial of Parker's motion. *See United States v. Catchings*, 708 F.3d 710, 718 (6th Cir. 2013) (finding a delay of over two months to favor the government); *United States v. Martin*, 668 F.3d 787, 795 (6th Cir. 2012) (finding that a delay of ninety-five days favored the government); *United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (finding that a delay of ninety-three days favored the government); *Bashara*, 27 F.3d at 1181 (six week delay too long). Parker offers no explanation for her failure to move to withdraw her guilty plea earlier. Therefore, the delay does not favor Parker's request to withdraw her plea.

### 2. Asserting her innocence.

At *no time*, then or now, did Parker assert or maintain her innocence regarding her conduct in this case. She does not do that at this point either through her motion to withdraw. At

3

best, Parker can argue that the loss amount by her conduct, is less than what the government will alleges it to be, over $200,000.  As the Court may recall at the plea hearing, the government only needed to prove $5,000 of theft.  Parker's innocence is also belied by the fact that she voluntarily stood before this Court, admitted she was guilty of the offense, and entered a plea of guilty. After being sworn, Parker entered into a colloquy with the Court related to her guilt in the case. At no time did she assert any semblance of innocence.  In discussing the factual basis for her guilty plea, this Court asked Parker if she agreed with the factual basis in the written plea agreement.  She did.

This Court determined it was satisfied that Parker was competent to enter a guilty plea, that she did so knowingly and voluntarily, and that she understood the rights he was giving up by pleading guilty.

While Parker now seeks to disavow the assurances she provided and the sworn statements she made at the time her guilty plea was entered, those representations which were made in open court "carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and the "presumption of verity" is not defeated by the "subsequent presentation of conclusory allegations" to the contrary.  *Id.  Accord, United States v. Maher*, 108 F.3d 1513, 1529-30 (2nd Cir. 1997) (district court may summarily deny motion to withdraw where movant's allegations merely contradict earlier statements made under oath at plea hearing).  Thus, this factor does not weigh in Parker's favor.  *See Catchings*, 708 F.3d at 719-20; *Benton*, 639 F.3d at 728.

    **3.**    **The circumstances underlying the entry of the guilty plea**

There is nothing significant about the circumstances in which Parker came forward and entered her guilty plea that would be of cause to allow her to withdraw her plea.  Parker was well aware of what she was doing when she pleaded guilty.  In fact, the parties were in plea

negotiations for several months regarding this case and the undersigned Assistant United States Attorney personally met with Parker and her counsel prior to the plea to review the evidence and discuss the terms of the plea agreement and the evidence the government would present against her at trial.

Moreover, on the record and under oath, she affirmed that she read and understood the plea agreement before signing and initialing it; that she had read and reviewed the plea agreement with her attorney; that she understood her limited rights to appeal or collaterally attack her sentence; that she would not have the right to withdraw her guilty plea once accepted; that her guilty plea was made knowingly and voluntarily; and that she wished to plead guilty. The district court then accepted Parker's guilty plea.  Parker does not dispute these facts. Instead, she claims that she her relationship with attorney was dysfunctional, that she was dizzy and not thinking clearly and that she had defenses that she did not present to her attorney.

Parker is incorrect.  During the plea colloquy, she acknowledged that she was satisfied with her attorney's representation.  She stated that although she had been to the hospital earlier that day for high blood pressure, she understood what was going on and was thinking clearly. She admitted to the factual basis of the plea agreement.  She knew that she could argue the loss amount at sentencing.  Accordingly, this factor does not support Parker's request to withdraw her guilty plea.

**4. Absence of a valid reason for filing to move for withdrawal earlier in the proceedings.**

Parker offers *no* explanation as to why she did not move to withdraw earlier, let alone a valid reason for failing to do so.  This factor militates against Parker's motion to withdraw.  *See Catchings*, 708 F.3d at 718.

5

### 5. Defendant's nature and background and her prior experience with the criminal justice system.[1]

Two of the most important criteria that this Court should consider are Parker's nature and background, and her prior experience with the criminal justice system. These factors both weigh against allowing Parker to withdraw her guilty plea. Parker is a high school graduate who completed some college. She is able to read and write. Her criminal history includes prior adult felony convictions. The fact that Parker is a veteran of the criminal justice system weighs against allowing her to withdraw her guilty plea. *Catchings*, 708 F.3d at 719 (extensive prior experience demonstrated by defendant's criminal history category weighs against allowing withdrawal of guilty plea). Indeed, her prior felony convictions establish that she "was not a naive stranger to the criminal proceedings in which he was involved." *Pluta*, 144 F.3d at 974. Accordingly, these factors negate any claim that Parker misunderstood the significance and consequences of her guilty plea.

### 6. The prejudice to the government.

Prejudice to the government is a factor this Court may consider in weighing whether to allow defendant to withdraw her plea. *Bazzi*, 94 F.3d at 1027. Because Parker has not provided a fair and just reason to withdraw her plea, the government is not required to make a showing of prejudice. *United States v. Ellis*, 470 F.3d 275, 285 (6th Cir. 2006); *Spencer*, 836 F.2d at 240; *United States v. Hockenberry*, 730 F.3d 645, 662 (6th Cir. 2013) ("If the defendant is unable to establish fair and just reasons, it is not necessary for the Court to consider prejudice to the Government."). However, the government would not be greatly prejudiced if the Court were to

---

[1] Due to a common basis in law and fact, the government believes that these two factors are best considered together in order to avoid repetition.

grant the defendant's request to withdraw her plea. The government would happily proceed with a superseding indictment, as previously discussed with prior defense counsel, on the record at the time of the plea. The superseding indictment would include tax and money laundering charges.

## III. CONCLUSION

Parker cannot show "a fair and just reason for requesting the withdrawal" in this case. During the plea colloquy, Parker acknowledged that she understood every aspect of the plea agreement, including her constitutional rights, the potential sentencing consequences, the advisory sentencing guidelines and the factual basis for the plea of guilty. Parker was experienced with the criminal justice system. Moreover, the plea benefitted her as it was for one count of theft, as opposed to tax and money laundering charges. It is clear that Parker has had nothing more than a mere change of heart as it relates to the potential sentence and a change of heart is not sufficient for a withdrawal of a validly entered and accepted plea of guilty. To allow a withdrawal in this case would render a guilty plea nothing more than a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. As stated above, a guilty plea is no such trifle, but a "grave and solemn act," which is "accepted only with care and discernment." Advisory Committee's Notes on Fed. Rule Crim. Proc. 32, (*quoting United States v. Barker*, 514 F.2d 208, 211 (C.A. D. C. 1975) *in turn quoting Brady v. United States*, 397 U.S. 742, 748 (1970)). This Court demonstrated that care and discernment throughout the proceeding and ensured that Parker understood, appreciated, and agreed with her actions of knowingly entering a plea of guilty.

Based upon an analysis of all the factors to be considered the government respectfully requests that this Honorable Court deny her motion to withdraw her guilty plea.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   /s/ Brian McDonough
      Brian McDonough (OH: 0072954)
      Assistant United States Attorney
      United States Court House
      801 West Superior Avenue, Suite 400
      Cleveland, OH 44113
      (216) 622-3965
      Brian.McDonough@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on October 4, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                /s/Brian McDonough
                                                Brian McDonough
                                                Assistant U.S. Attorney