IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR682 |
|---|---|---|
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| TAMIKO PARKER, | ) | UNITED STATES' OBJECTION TO CONTINUING THE 9/29 SENTENCING AND MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin E. Herdman, United States Attorney, through Brian M. McDonough and Suzana K. Koch, Assistant United States Attorneys, and respectfully objects to this Court continuing the 9/29 sentencing of Defendant Tamiko Parker, which is the eighth sentencing date, under the Crime Victims' Rights Act, Title 18 U.S.C. § 3771, *et seq*. which provides victims with the right to proceedings that are free from unreasonable delay and as detailed in the attached Memorandum.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ Brian M. McDonough
    Brian M. McDonough (OH: 0072954)
    Suzana K. Koch (OH: 0073743)
    Assistant United States Attorneys
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3965/3748
    (216) 522-2403 (facsimile)
    Brian.McDonough@usdoj.gov
    Suzana.Koch@usdoj.gov

**MEMORANDUM**

I.     **SUMMARY OF THE CASE**

On November 14, 2018, the Grand Jury returned an Indictment against Defendant Tamiko Parker that charged her with one count of Theft Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(A). (R. 4: Indictment). On August 5, 2019, Parker entered a guilty plea to the Indictment without a plea agreement. (Minutes of Proceedings, August 5, 2019). The Final PSR was completed on December 18, 2019. (R. 29: Final PSR).

The Court scheduled sentencing for January 9, 2020. The Court continued the sentencing at Parker's request to 3/25, and then during the pandemic to 4/3, 4/13, 5/12, 7/20, and 9/10. On the advice of counsel Parker declined to consent sentencing via video, so the Court set 9/29 for an in-person sentencing, the eighth sentencing date in this case.

II.     **ARGUMENT**

The United States respectfully requests that the Court consider the following factors before continuing this case a ninth time.

    A.     **Crime Victims' Rights**

The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. Section 3771, *et. seq.*, was implemented to protect victims of federal criminal offenses and to guarantee them access to the criminal justice process. *See United States v. Moussaoui*, 483 F.3d 220, 234 (4th Cir. 2007); *see also Kenna v. United States Dist. Court*, 435 F.3d 1011, 1016 (9th Cir. 2006). Among the rights afforded crime victims[1] under the CVRA are "the right to proceedings free from unreasonable

---

[1] CVRA defines the term "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e).

delay," and "the right to be treated with fairness and with respect for the victims['] dignity and privacy." See 18 U.S.C. §§ 3771(a)(7) and (a)(8); see also *United States v. Abrams*, No. 3:14-CR-0069-RCJ-WGC, 2016 WL 107945, at *1 (D. Nev. Jan. 8, 2016) (denying a defendant's motion for a 60-day continuance in part due to victim's right to proceedings free from unreasonable delay).

The legislative history of the CVRA strongly suggests that Congress's principal concern in including these rights was to provide victims with a means of due process. These provisions were intended to direct the executive and judicial branches to respect the legitimate interests of crime victims by ensuring they are not held hostage by protracted criminal proceedings. As to the right to proceedings free from unreasonable delay, Senator Feinstein expressed Congress's concern over how lengthy continuances negatively impact crime victims:

> This provision ["§ 3771(a)(7)] does not curtail the Government's need for reasonable time to organize and prosecute its case. Nor is the provision intended to infringe on the defendant's due process right to prepare a defense. Too often, however, delays in criminal proceedings occur for the mere convenience of the parties and those delays reach beyond the time needed for defendant's due process or the Government's need to prepare. The result of such delays is that victims cannot begin to put the crime behind them and they continue to be victimized. It is not right to hold crime victims under the stress and pressure of future court proceedings merely because it is convenient for the parties or the court. This provision should be interpreted so that any decision to continue a criminal case should include reasonable consideration of the rights under this section.

*See Statement of Senator Diane Feinstein*, Congressional Record -- Senate, S4269, April 22, 2004. Similarly, Senator Kyl, one of the primary sponsors of the CVRA, expressed Congress's intent behind the right to proceedings free from unreasonable delay as follows:

> This provision [§ 3771(a)(7)] should be interpreted so that any decision to schedule, reschedule or continue criminal cases should

3

> include victim input through the victim's assertion of the right to
> be free from unreasonable delay.
>
> * * *
>
> A central reason for these rights is to force a change in the criminal
> justice culture which has failed to focus on the legitimate interests
> of crime victims, a new focus on limiting unreasonable delays in
> the criminal process to accommodate the victim is a positive start.

*See Statement of Senator Jon Kyl*, Congressional Record -- Senate, S10911, October 9, 2004

As to a crime victim's right to fairness under § 3771(a)(8), Senator Kyl stated:

> The broad rights articulated in this section are meant to be rights
> themselves and are not intended to just be aspirational. One of
> these rights is the right to be treated with fairness. Of course,
> fairness includes the notion of due process. Too often victims of
> crime experience a secondary victimization at the hands of the
> criminal justice system.

*See Statement of Senator Jon Kyl*, Congressional Record -- Senate, S4269, April 22, 2004.

In this case, the victim, the Collinwood and Nottingham Villages Development Corporation ("CNVDC"), as the evidence will show, suffered a great deal of financial harm as a consequence of Parker's conduct. The CNVDC has made every effort to continue on with its purpose of improving the neighborhood. Nevertheless, the uncertainty of whether and when Parker will be sentenced by the Court weighs heavily on the CNVDC and will continue to weigh on the CNVDC until this Court sentences Parker. A ninth continuance and the resulting delay will continue to disrupt the lives of those who wish to address the Court to give a Victim Impact Statement, and negatively impact the CNVDC, in violation of the CVRA.

## III.    CONCLUSION

A ninth continuance will impede the victims' rights to proceedings free from unreasonable delay, 18 U.S.C. § 3771(a)(7), and to fairness, 18 U.S.C.§ 3771(a)(8). The United States is cognizant of the heavy caseload that this Court carries, the heavy trial docket that this

Court has for 2020 and 2021, and the resulting backlog from the pandemic.  Given the conflicting demands of the calendar congestion and the victim's rights, the United States respectfully requests this Court not to continue sentencing and proceed with sentencing on September 29, 2020.